IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: Elizabeth A Ursin

|  |  |  |
|---|---|---|
|  | ) | 17 B 37415 |
|  | ) |  |
| Debtor(s) | ) | Judge A. Benjamin Goldgar |

### *NOTICE OF MOTION AND CERTIFICATE OF SERVICE*

| Elizabeth A Ursin | Benjamin Brand LLP | Jeff Snell |
|---|---|---|
| 710 Fieldstone Court | 1016 W Jackson Blvd | Trial Attorney |
| Lake Zurich, IL  60047 | Chicago, IL  60607 | Office of the U. S. Trustee |
|  |  | 219 South Dearborn St.  Ste 873 |
|  |  | Chicago, IL 60604 |

    Please take notice that on January 5, 2018 at 10:00 a.m. a representative of this office shall appear before the Honorable Judge A. Benjamin Goldgar or any other Bankruptcy Judge who may preside in his place and stead, at North Branch Court, 1792 Nicole Lane, Round Lake Beach, Illinois 60073 and present this motion.

    I certify that this office caused a copy of this notice to be delivered to the above listed debtor by depositing it in the U.S. Mail at 801 Warrenville Road, Lisle, Illinois 60532, to the United States Trustee via e-mail, and to all other parties electronically via the Court's CM/ECF system on December 22, 2017.

/s/ Glenn Stearns

For Glenn Stearns, Trustee

### MOTION FOR HEARING UNDER §§ 329, 330, AND RULE 2017

    Now Comes Glenn Stearns, Chapter 13 Trustee, requesting a hearing as to the attorney fees of J. Kevin Benjamin pursuant to 11 U.S.C. §§ 329, 330, and Bankruptcy Rule 2017 and in support thereof, states the following:

1. On December 19, 2017 the debtor filed a petition under Chapter 13.

2. J. Kevin Benjamin filed this case on behalf of the debtor.

3. Debtor's prior case, 17 B 13765 was dismissed for ineligibility pursuant to §109(e) on October 20, 2017.

4. Unsecured claims in the debtor's prior case exceeded $1,250,000.

5. Michael Desmond, Chapter 7 Trustee for the Estate of Klaucens & Associates, Inc., filed unsecured claim #1 in the current case in the amount of $1,088,951.45 on December 21, 2017; he filed a claim for the same amount in the debtor's prior case.

6. The claim filed by Michael Desmond in both cases results from a State Court judgment against the debtor dated December 21, 2016.

7. The subject debt is both liquidated and non-contingent.

8. Debtor's unsecured debts are well in excess of the limit under §109(e) of $394,725.

9. Even a cursory review of the docket for the debtor's prior case would have shown Mr. Benjamin that Ms. Ursin is not eligible to be a Chapter 13 debtor.

10. Pursuant to §329 and Rule 2017, a court may investigate the debtor's transactions and agreements with his attorney and, if the court deems the fees sought excessive based on the value of the services, may cancel the agreement and order the return of any funds paid by the debtor to his attorney.

11. By filing a case for a debtor he knew or should have known was not eligible to be in Chapter 13, Mr. Benjamin's services had no value and any fee request should be denied.

12. All funds received in this case by Mr. Benjamin from the debtor should be disgorged.

13. Mr. Benjamin's disclosure of compensation, Doc 6 filed December 19 shows that he was paid a retainer of $1,400.

WHEREFORE, the Trustee prays that the court order that J. Robert Benjamin is to disgorge any and all fees previously received, and/or for such further relief as this court deems proper.

Respectfully Submitted;
Glenn Stearns, Trustee
/s/ Glenn Stearns
By: Glenn Stearns

Glenn Stearns, Chapter 13 Trustee
801 Warrenville Rd., Suite 650
Lisle, IL 60532   630 981 3888